UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ARTURO SOLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:21-cv-00462-JPH-MJD |
| | ) |
| T. J. WATSON, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING MOTION TO COMPEL, DISMISSING ACTION,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

As part of the sentence imposed in a criminal case, Arturo Solis was ordered to pay a fine. After the offense conduct occurred but before the sentence was imposed, Congress amended the statute that authorized the fine to extend the length of time for which a defendant may be liable for the fine. In his petition for writ of habeas corpus under 28 U.S.C. § 2241, Mr. Solis argues that extending the length of time he is liable for paying his criminal fine violates the Ex Post Facto Clause of the United States Constitution. He also seeks to compel Respondent to produce a copy of a payment contract that he allegedly signed. For the reasons stated below, Mr. Solis's § 2241 petition is **dismissed**, and his motion to compel is **denied**.

I.     **Background**

Petitioner Arturo Solis is a federal inmate formerly incarcerated at the U.S. Penitentiary in Terre Haute, Indiana ("USP Terre Haute") and currently incarcerated at the Coleman II U.S. Penitentiary.

1

On July 8, 1996, the U.S. District Court for the Western District of Texas entered judgment in Mr. Solis's underlying criminal case. Dkt. 1-1.[1] As relevant here, the court imposed an $1,800 fine, which was to be "paid immediately." *Id.* The court also waived the interest requirement for the fine under 18 U.S.C. § 3612(f)(3). *Id.*

Mr. Solis represents that he came into BOP custody in 2017—more than 20 years after judgment was entered in his federal case. Dkt. 1 at 4. Before that, he had been incarcerated in a Texas state prison for a state conviction. *See United States v. Solis*, 124 F.3d 192 (5th Cir. 1997) (direct appeal, noting that Mr. Solis was in the custody of the Texas Department of Criminal Justice). Once Mr. Solis was in federal custody, the BOP has attempted to collect the $1,800 fine. The BOP asked Mr. Solis to sign a contract agreeing to a payment plan for his fine under the voluntary IFRP program, but Mr. Solis has refused. *Id.* at 2. In response, the BOP has imposed various consequences, such as restricting Mr. Solis's commissary purchases and placing him in what he describes as a "punishment transition unit," where his out-of-cell time is limited. *Id.*

## II. Discussion

Mr. Solis argues that the consequences the BOP has imposed for his refusal to make payments toward his fine are unlawful because the law authorizing the criminal fine that existed when he committed his offense of

---

[1] Neither party has filed a complete copy of the judgment in the underlying criminal case, but Mr. Solis filed the relevant portions, and the Court cites to that document.

conviction limited his liability to 20 years after judgment was entered in his criminal case. Dkt. 1. He argues that application of the amended law to him violates the Ex Post Facto Clause of the United States Constitution because extending his liability to pay his fine disadvantages him and increases his punishment. *See, e.g.*, *id.* at 6. He also contends that the saving clause in 1 U.S.C. § 109 preserved the 20-year liability period for his fine, that the BOP has no authority to set schedules for payments of monetary obligations, and that it's unconstitutional for the BOP to subject him to consequences for failing to make payments on his fine.² *See, e.g.*, *id.* at 3, 7–8; dkts. 17, 18.

In response, Respondent argues that applying the longer liability period to Mr. Solis does not violate the Ex Post Facto Clause because the change in law was procedural and did not increase Mr. Solis's punishment. Dkt. 10. Respondent also argues that Mr. Solis cannot challenge his conditions of confinement (such as restricted commissary purchases and his housing assignment) in a § 2241 petition. *Id.*

**A. Liability Period**

Mr. Solis contends that his liability to pay his fine expired several years ago, so the BOP cannot now try to collect it. This is a challenge to the execution of his sentence, which is properly raised in a § 2241 petition. *Cf. Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (challenge to

---

² Mr. Solis raises other arguments for the first time in his reply. The Court does not consider these arguments, as parties waive arguments raised for the first time on reply. *See United States v. Desotell*, 929 F.3d 821, 826 (7th Cir. 2019) ("In most instances, litigants waive any arguments they make for the first time in a reply brief.").

3

execution of sentence falls under § 2241); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002).

### 1. Ex Post Facto Clause

#### a. Applicable Law

When Mr. Solis committed the offense of conviction in 1995, the applicable law provided that "liability to pay a fine expires . . . twenty years after the entry of the judgment." 18 U.S.C. § 3613(b)(1) (eff. until April 23, 1996). The same time frame applied to liability for restitution. *United States v. Norwood*, 49 F.4th 189, 196–97 (3d Cir. 2022). Before Mr. Solis was convicted and sentenced, Congress amended the Mandatory Victim Restitution Act of 1996 ("MVRA") to provide that "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b) (eff. April 24, 1996, to Dec. 15, 2016); *see* MVRA § 207, 104 Pub. L. 132, 110 Stat. 1214 (Apr. 24, 1996). The amendments also extended the liability period for restitution obligations. *Norwood*, 49 F.4th at 197.

Mr. Solis contends that he can lawfully be subject only to the version of § 3613(b) that was in effect in 1995 when he committed the offenses of conviction. Therefore, he argues that the BOP's attempt to apply the revised version of § 3613(b) that was in effect when he was sentenced violates the Ex Post Facto Clause of the U.S. Constitution.

4

The Ex Post Facto Clause prohibits the passing of an "ex post facto Law," U.S. Const. art. I, § 9, cl. 3, that is, a law "that retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts," *Nelson v. Town of Paris*, 78 F.4th 389, 395 (7th Cir. 2023) (cleaned up). A law violates the Ex Post Facto Clause of the Constitution "if it is both retroactive and penal in nature." *Id.*

Here, it's undisputed that Congress made the change to § 3613(b) retroactive. *See id.*; dkt. 10 at 4; dkt. 1 at 6. So the Court's evaluation of whether its application to Mr. Solis's criminal fine turns on whether the change to § 3613(b) is "penal in nature." *Nelson*, 78 F.4th at 395. The parties do not cite, and the Court has not identified, Supreme Court or Seventh Circuit precedent resolving whether retroactive application of the 1996 amended version of § 3613(b) that lengthens the liability period for a criminal fine violates the Ex Post Facto Clause. There are cases from those courts, however, that have assessed the constitutionality of retroactive application of other statutes and are therefore useful to the Court's evaluation of the retroactive application of § 3613(b) here.

The Supreme Court has held that retroactively increasing a defendant's advisory sentencing guidelines range violates the Ex Post Facto Clause because it "creates a 'significant risk' of a higher sentence." *Peugh v. United States*, 569 U.S. 530, 550 (2013). And the Seventh Circuit has held that not every retroactive change that disadvantages a defendant violates the Ex Post Facto Clause. *See United States v. Gibson*, 490 F.3d 604, 609 (7th Cir. 2007)

5

(holding that 18 U.S.C. § 3296—which allows the government 60 days to move to reinstate counts that were dismissed pursuant to a plea agreement under certain circumstances—was not impermissibly ex post facto where it was passed before the statute of limitation ran on the count); *see also United States v. Newman*, 144 F.3d 531, 538 (7th Cir. 1998) ("Even if a law operates retroactively, it does not violate the Ex Post Facto Clause unless it disadvantages the defendant by altering the definition of criminal conduct or increasing the punishment for that crime." (cleaned up)).

There are also decisions from other circuits that have examined retroactive application of § 3613(b) which are similarly helpful to the Court here. In *United States v. Blackwell*, the Ninth Circuit concluded that it did not violate the Ex Post Facto Clause to apply the amended version of § 3613(b) to the defendant by extending the liability period during which the government could collect a fine. 852 F.3d 1164, 1166 (9th Cir. 2017) (per curiam). The court explained:

> The . . . amendment to the termination of liability provision did not affect [the defendant's] substantive rights. After [§ 3613(b)] was enacted, [he] remained liable for the same amount of fines and restitution as he was prior to the enactment. The [amended statute] merely increased the time period over which the government could collect those fines and restitution.

*Id.*; *see also United States v. Richards*, 472 F. App'x 523 (9th Cir. 2012) ("[A]n expansion of the period in which [defendant] is liable for restitution does not increase [defendant's] punishment.").

Similarly, in *United States v. Rosello*, 737 F. App'x 907 (11th Cir. 2018) (per curiam) (unpublished), the Eleventh Circuit concluded that applying the

6

amended § 3613(b) to a restitution order did not violate the Ex Post Facto Clause:

> The continued enforcement of Rosello's judgment of restitution under amended section 3613(b) does not violate the Ex Post Facto Clause.  Amended section 3613(b) does not retroactively increase Rosello's sentence.  The amended statute merely extends the span of time in which Rosello's victims can collect restitution from him.  And the application of amended section 3613(b) did not "compromise . . . [Rosello's] right to receive fair notice of the punishment his offense carries." [*Hock v. Singletary*, 41 F.3d 1470, 1473 (11th Cir. 1995).]  The extension of the collection period has no effect on the amount of restitution that [the defendant] owes.  "His punishment remains what it was when he committed the offense, at which time he had received fair notice of the crime and the punishment it carries."  *Id.*
>
> The prolongment of the period to collect restitution is like the extension of the statute of limitation to prosecute a criminal charge, which we have long held does not infringe the Ex Post Facto Clause. . . . Even if a "change in law obviously ha[s] a detrimental impact upon the defendant, . . . the law [is] not ex post facto . . . [unless the law] ma[kes] criminal a theretofore innocent act, . . . aggravate[s] a crime previously committed, . . . provide[s] greater punishment, [] or change[s] the proof necessary to convict." [*Dobbert v. Florida*, 432 U.S. 282, 293 (1997).]  None of these concerns are implicated in an extension of the statute of limitation. [*United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001)].  Extending the period in which a defendant remains obligated to pay restitution likewise does not alter the definition of his criminal conduct or increase his punishment.

*Id.* at 908–09 (alterations in original, except for full citations appearing in brackets).

In contrast to the Ninth and Eleventh Circuits, the Third Circuit has rejected the argument that the change to § 3613(b) was merely "procedural," because "the rule has the practical effect of increasing a defendant's punishment."  *United States v. Norwood*, 49 F.4th 189, 218 (3d Cir. 2022) (decision issued after this matter was fully briefed).  The court also rejected any

7

analogy between the liability period and a statute of limitation, noting that the two concepts have very different legal effects.  While a statute of limitation creates a "procedural bar to seeking a remedy or prosecuting a crime but [not extinguishing] a plaintiff's underlying rights or the crime itself, as evidenced by the fact that a statute of limitations is an affirmative defense that can be waived," § 3613(b) "expressly extinguishes a defendant's liability once the liability period has run."  *Id.* at 217–18.  The court further reasoned that § 3613(b)'s liability period serves a different purpose—placing a temporal limit on a defendant's liability—than a statute of limitation, which "ensures cases are brought while evidence is still ripe."  *Id.* at 218.  Moreover, the government would likely be able to collect more from the defendant under the amended § 3613(b).  Because the defendant owed more in restitution than he would likely ever be able to pay while in prison, the amendment allowed the government to collect future funds obtained once he is released, thereby increasing the ultimate restitution payment, and thus his punishment.  *Id.* at 217.

Finally, the court stated that "being subject to restitutionary liability is its own form of criminal punishment, independent of the amount a defendant owes, such that extending the duration of a defendant's liability period may itself violate the Ex Post Facto Clause."  *Id.* at 218–19.  It explained that being subject to restitutionary liability is punitive because "an unpaid restitution obligation instantly becomes an added condition of parole or supervised release."  *Id.* at 219 (citing 18 U.S.C. § 3663(g) (1994)); 18 U.S.C. § 3664

8

(1994)). It also observed that, in many states, having an outstanding criminal restitution liability carries associated collateral consequences, such as being denied the right to vote, serve on a jury, hold a driver's license, run for office, or own a firearm. *Id.* (citing various state statutes). The court concluded,

> [R]etroactive application of [the amended § 3613(b)] to Norwood would increase his punishment by subjecting him to additional decades of liability, supervision, and collateral consequences, even if he ultimately never paid a cent more than he would have under the [pre-amendment version of § 3613(b)]. This extension, like his increased financial obligations, is a retroactive increase in punishment that is forbidden by the Ex Post Facto Clause."

*Id.* at 220.

It's worth noting that *Norwood* was a 2-1 decision. The dissenting judge criticized the majority's analysis because it looked to cases concerning the duration of incarceration, not monetary obligations. *Id.* at 222 (Phipps, J., dissenting). Judge Phipps further emphasized that the Ex Post Facto Clause is violated only if there is a "significant risk" of increasing the defendant's punishment. *Id.* at 221. He concluded that any potential collateral consequences did not violate the Ex Post Facto Clause because they rested on speculation and produced nothing more than "some ambiguous sort of disadvantage." *Id.* (cleaned up).

### b. Analysis

Here, the amendment to § 3613(b) did not increase the amount of Mr. Solis's fine—it remained $1,800. And unlike the restitution at issue in *Norwood*, Mr. Solis's fine is not subject to interest, so the increased liability period cannot potentially increase that amount. Although giving the

9

government more time to collect Mr. Solis's fine effectively increased the portion of the fine Mr. Solis will pay because he didn't pay the full amount within 20 years after judgment was entered in his case, not every retroactive change in law that is potentially detrimental to a defendant violates the Ex Post Facto Clause. *See, e.g.*, *Gibson*, 490 F.3d at 609; *Newman*, 144 F.3d at 538. A change to a statute of limitation does not violate the Ex Post Facto Clause if it is made before the original limitation period expires. Although there are differences between § 3613(b) and a statute of limitation, § 3613(b)'s effects are sufficiently similar to a statute of limitation to support the analogy. *See Blackwell*, 852 F.3d at 1166; *Rosello*, 737 F. App'x at 909.

      Finally, Mr. Solis contends that "[s]everal U.S. Appellate Court Circuits have held that the similar Statutory law in the Mandatory Victims Restitution Act of April 24, 1996 violates the Ex-Post Facto Clause." Dkt. 1 at 7. But the cases he references there address a different provision of the MVRA—the portion that made restitution mandatory for certain crimes when it had previously been discretionary. *See, e.g.*, *United States v. Edwards*, 162 F.3d 87 (3d Cir. 1998); *United States v. Siegel*, 153 F.3d 1256 (11th Cir. 1998).

      In sum, lengthening the amount of time Mr. Solis is on the hook for paying his fine, which does not include accrued interest, does not increase his punishment. And Mr. Solis has not presented any evidence or argument that his continued failure to pay his fine will subject him to significant collateral consequences. Therefore, retroactively applying the extended liability period

from the amended version of § 3613(b) to Mr. Solis's fine does not violate the Ex Post Facto Clause.

### 2. Saving Clause

Mr. Solis also argues that the so-called "saving clause" in 1 U.S.C. § 109 preserves the 20-year liability period for his fine.[3]  Under that provision, "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Mr. Solis focuses on the second half of the provision—"such statute shall be treated as still remaining in force"—but ignores the first half, which plainly states that § 109 applies only when a repeal of a statute has the "effect to release or extinguish any penalty, forfeiture, or liability incurred under" the repealed statute.  That's not the case here because the repeal of the prior version of § 3613(b) did not have the effect of releasing or extinguishing Mr. Solis's liability for his fine.  Instead, he was subject to a longer liability period after § 3613(b) was amended.  *See Warden v. Marrero*, 417 U.S. 653, 661

---

[3] Mr. Solis argues that Respondent waived this issue by failing to respond to his arguments about it. Dkt. 17 at 16.  The saving clause analysis is very similar to the Ex Post Facto Clause analysis, so the Court is not convinced that Respondent intentionally failed to respond to Mr. Solis's argument on this issue.  And, even if did, the Court exercises its discretion to excuse the failure and reach the merits of the argument because the argument is plainly wrong.  *See Bourgeois v. Warden*, 977 F.3d 620, 632 (7th Cir. 2020) (finding that government did not waive or forfeit 28 U.S.C. § 2255(e) bar to petition for writ of habeas corpus under § 2241, and even if it did, "we would excuse that forfeiture on these facts").

11

(1974) ("In consequence, the saving clause has been held to bar application of *ameliorative* criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense.") (emphasis added).  Mr. Solis does not cite any cases applying § 109 to law changes that disadvantaged a defendant, as opposed to those that would have provided an advantage but for the saving clause.

Regardless, even if § 109 can be read to establish that repealed statutes *always* remain in force "for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability," a procedural change such as a change to a statute of limitation does not implicate § 109.  *See Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1038 (9th Cir. 1985) (§ 109 "generally does not 'save' discarded remedies and procedures," and "[s]tatutes of limitation are usually considered remedial," so "the savings clause will not ordinarily preserve a repealed statute of limitations"); *United States v. Obermeier*, 186 F.2d 243, 253 (2d Cir. 1950); *cf. United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010) (rejecting attempt to fit a statutory change "into one of the narrow exceptions to the savings statute, this time statutes that primarily affect 'procedures' or 'remedies'").  As explained above, the Court finds that the amendment to § 3613(b) is analogous to a change in a statute of limitation.  Accordingly, the amendment was a procedural change that did not "save" the prior liability period under § 109.

Mr. Solis is not entitled to relief under § 109.

12

### B. BOP's Authority to Collect Fine

Mr. Solis argues that the BOP has no authority to order him to make payments on his fine.  Dkt. 1 at 8.  This is also an argument about the execution of his sentence that is properly raised in a § 2241 petition.

 While the BOP cannot compel him to make payments under the IFRP, *see, e.g.*, *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010) (participation in the IFRP is voluntary), the BOP has not ordered him to make any payments.  Instead, the BOP has imposed consequences for his failure to pay or participate in the IFRP, which the BOP has the authority to do.  *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (BOP may use the IFRP to ensure that inmates make "good-faith progress" toward satisfying their court-ordered obligations); *Boyd*, 608 F.3d at 334 ("[A]n inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP.").  None of the cases Mr. Solis cites hold to the contrary.

Mr. Solis cites *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), and *United States v. Prouty*, 303 F.3d 1249 (11th Cir. 2002), which held that, where a defendant lacked sufficient resources to make immediate payment of restitution, a sentencing court may not order "immediate" payment of restitution because doing so implicitly delegates the court's obligation to schedule payments to the BOP or the probation office.  To the extent that Mr. Solis contends that these cases mean that the BOP cannot attempt to collect his fine through the IFRP because his sentencing court was responsible for setting a payment schedule for him while he is in prison, he is incorrect.  The

13

cases are distinguishable because they deal with statutory provisions relating to restitution payments, and those provisions do not apply to fines. *See United States v. Ellis*, 522 F.3d 737, 739 (7th Cir. 2008) (explaining that criminal fines are immediately payable absent a contrary court order because "[i]n contrast [to restitution], criminal fines are discretionary, and sentencing courts must consider ability to pay when determining whether to impose any fine at all").

Mr. Solis is not entitled to relief on this basis.

### C. Ability to Pay and Improper Consequences

Mr. Solis mentioned in passing in his petition that he had not been and was not financially able to pay his fine. Dkt. 1 at 2, 5. He did not, however, provide any further argument or evidence on this point. In his reply, however, he argues that it's unconstitutional for the BOP to subject him to consequences for failing to make payments on his fine because—under the IFRP's implementing regulations, 28 C.F.R. § 545.10–545.11, and the BOP's IFRP Program Statement, P5380.08, *see* dkt. 10-4—he should be exempt based on his inability to pay. Dkts. 17, 18. He also contends that he is being subjected to consequences not allowed under the IFRP regulations or Program Statement, such as being housed in a disciplinary unit, where he is subjected to restricted out-of-cell time. *Id.* Respondent argues that Mr. Solis cannot challenge his conditions of confinement in a § 2241 petition. Dkt. 10.

As relevant here, a § 2241 petition is appropriate when a petitioner is challenging the fact or duration of his confinement and also when a petitioner is challenging the execution of his sentence. *Hill v. Werlinger*, 695 F.3d 644,

14

645 (7th Cir. 2012) (fact or duration of confinement); *Valona*, 138 F.3d at 694 (execution of sentence). In complaining about the BOP's failure to exempt him from the IFRP and imposition of consequences not allowed by the IFRP, Mr. Solis is not challenging the fact or duration of his confinement. As the Court has already told Mr. Solis, he cannot bring claims challenging his conditions of confinement in a § 2241 petition. Dkts. 9, 16.[4]

The Court has already determined that the BOP is properly executing Mr. Solis's sentence in that it is properly working from the position that he still owes the $1,800 fine. The Court further concludes that Mr. Solis's claims relating to the consequences he is facing because of his ongoing refusal to make payments toward his fine under the IFRP are challenges to his conditions of confinement that are not cognizable in a § 2241 petition. *See, e.g., Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) (recognizing the "long-standing view that habeas corpus is not a permissible route for challenging prison conditions" that do not bear on the duration of confinement).

At least as to his complaints about the BOP's failure to label him as exempt (for the time being) from IFRP refusal status and its imposition of

---

[4] The Court has told Mr. Solis that if he wants to litigate his conditions of confinement, he must do so in a separate civil action. Dkts. 9, 16. As of the writing of his Order, Mr. Solis has not initiated such an action. The Court notes, however, that Mr. Solis has apparently accrued at least six "strikes" under 28 U.S.C. § 1915(g). *See Solis v. Johnson*, 199 F.3d 438 (5th Cir. 1999) (TABLE) (stating that Mr. Solis had six "strikes" in 1999). Thus, it appears that he cannot proceed *in forma pauperis* as to any civil rights action unless he is under imminent danger of serious physical injury, which does not appear to be the case as to any of the conditions at issue in his habeas petition. Mr. Solis cannot evade the requirements of § 1915(g) by bringing conditions of confinement claims in a § 2241 petition.

15

consequences he believes are not authorized by the IFRP regulations or Program Statement, Mr. Solis is not challenging the execution of his sentence. If he succeeded in his arguments, the result would not be a change to the amount of the fine he owes, nor would it change the fact or duration of his confinement. It would not even result in the BOP permanently ceasing its collection efforts. Instead, at best, it might result in some improvement to his conditions of confinement, a temporary reprieve from the BOP's imposition of consequences for failing to participate in the IFRP (so long as he remains exempt under its terms), or both. That is, he is really challenging his conditions of confinement, not the execution of his sentence, and he cannot pursue such claims in a § 2241 petition, as the Court has previously informed him.

The Court recognizes that the Seventh Circuit has stated in an unpublished decision that "[t]he IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241." *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008). Similarly, in another unpublished case, the Seventh Circuit held that a challenge to the BOP's implementation of the IFRP was cognizable in a § 2241 petition. *United States v. Neal*, 207 F. App'x 700, 702 (7th Cir. 2006). But *Ihmoud*, *Neal*, and all the IFRP-related cases cited in them involved claims that the BOP's attempts to collect funds through the IFRP conflicted with judgments issued in the petitioner's underlying criminal actions. *See Ihmoud v. Warden*, No. 1:06-cv-01823-SEB-JMS, dkt. 1 at 7 (S.D. Ind. Dec. 22,

16

2006); *United States v. Neal*, No. 4:00-cr-40101-JPG, dkt. 415 (S.D. Ill. July 21, 2005); *McGhee*, 166 F.3d at 886; *see also Matheny*, 307 F.3d at 711.

Thus, not *every* challenge to the way the BOP is administering the IFRP is cognizable in a § 2241 petition as a challenge to the way the sentence is being executed. Instead, the common feature of these cases is that the inmates were claiming that the BOP's attempts to set payment schedules for them conflicted with their judgments and were seeking rulings that the BOP should not be able to try to collect their monetary obligations at all. At least as to his complaints about misapplication of the IFRP regulations and policy, Mr. Solis does not make such an argument.

Because Mr. Solis cannot challenge his conditions of confinement in a § 2241 petition, the Court does not reach his arguments as to these points.

### III. Motion to Compel

Long after briefing was closed in this case, Mr. Solis filed a motion to compel asking the Court to require production of:

> The signed by me Inmate Financial Responsibility Program "Contract and/or Agreement" upon which the Respondent and/or it's Agents or Employees are relying upon so as to cause them to enter into my Bureau of Prisons Program Review Records to show that I "AGREED" to make $25.00 Payments Quarterly.

Dkt. 23. Mr. Solis explains that he has never agreed to make IFRP payments and that prison staff have refused to give him a copy of the contract he allegedly signed. *Id.*

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520

17

U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts (made applicable to § 2241 proceedings by Rule 1(b)), states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." In addition, the "party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

Mr. Solis has not shown good cause for the requested discovery. The question of whether he has ever signed an IFRP contract is not at issue in his § 2241 petition. To the contrary, everyone agrees—at least for purposes of this petition—that he did not. If the BOP is actually deducting money from Mr. Solis's trust fund account on the basis of the alleged contract and Mr. Solis contends that they have no authority to do so, such a complaint is entirely separate from the issues before the Court in his current petition. The motion to compel, dkt. [23], is **denied**.

## IV. Conclusion

For the reasons stated above, Mr. Solis's motion to compel, dkt. [23], is **denied**, and his § 2241 petition is **dismissed**. The dismissal of the conditions of confinement claims is without prejudice and the dismissal of the claims challenging the ongoing validity of the fine is with prejudice. Accordingly, Mr. Solis's motion for the enforcement of due process, dkt. [31], is **denied as moot**.

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 9/24/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ARTURO SOLIS
61520080
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

All electronically registered counsel