UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ARTURO SOLIS, | ) |
|                 Petitioner, | )<br>)<br>) |
|            v. | )   No. 2:21-cv-00462-JPH-MJD<br>) |
| T. J. WATSON, | )<br>) |
|                 Respondent. | ) |

**ORDER**

The Court granted Petitioner's motion for leave to appeal *in forma pauperis*. Dkt. 43. It noted that Petitioner was excused from pre-paying the full appellate filing fee but that he must pay the filing fee "pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able," citing § 1915(a)(1), which states that "the prisoner shall be required to pay the full amount of a filing fee." *Id.* Petitioner asks the Court to reconsider its Order, arguing that § 1915(b)(2)—which is a part of the Prison Litigation Reform Act ("PLRA")—does not apply to habeas actions. Dkt. 44.

Petitioner's motion to reconsider the Court's December 3, 2024, Order, dkt. [44], is **granted** to the extent that the Court clarifies its Order as follows:

Although the Court granted Petitioner leave to proceed *in forma pauperis* on appeal, he still owes the entire $605.00 appellate filing fee. As the Seventh Circuit has explained, "every litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible. All that permission to proceed *in forma pauperis* has ever meant is that the fees need not be *pre*-paid."

1

*Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *see also Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) (rejecting argument that habeas appellants are excused from paying appellate filing fees because the PLRA does not apply to habeas actions). The Seventh Circuit has held that the PLRA does not apply to habeas actions. *Walker v. O'Brien*, 216 F.3d 626, 639 (7th Cir. 2000). As a result, the provisions of § 1915(b) do not require the Court to assess an initial partial filing fee for this case or enter a collection order to Petitioner's custodian to collect the appellate fee. *Longbehn*, 169 F.3d at 1083. It is apparently an open question as to whether a district court could, nonetheless, exercise its discretion to require an inmate to make periodic payments using the formula of § 1915(b)(2), whether by entering a collection order to the inmate's custodian or otherwise requiring such payments directly from the petitioner. *See Walker*, 216 F.3d at 638 n.5 (directing clerk to stop using the procedure set forth in § 1915(b)(2) to collect unpaid filing fees from habeas litigants but noting that a "court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so"). Even if the Court does possess such discretion, however, it declines to do so in this case. The Court accepts Petitioner's sworn representations that he has been totally indigent for about three years, dkt. 44 at 2, and notes that what little income he does have appears to be subject to a debt encumbrance, *see* dkt. 36-1. Thus, the Court will not enter a collection order or otherwise require Petitioner to make partial payments under the formula set forth in § 1915(b)(2). As stated above, though,

2

Petitioner is obligated to pay the entire $605.00 appellate filing fee when feasible.

**SO ORDERED.**

Date: 1/9/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ARTURO SOLIS
61520080
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov